UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIE B. NELSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00418-JPH-MKK |
| | ) | |
| JOHN PLASSE, | ) | |
| VIGO COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Willie Nelson initiated this action while confined at the Vigo County Jail. Because he filed

the case as a "prisoner," this Court has an obligation to screen Mr. Nelson's amended complaint.

28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

1

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Nelson asserts claims for damages against one defendant, Sheriff John Plasse, based on the following allegations.

Mr. Nelson was confined at the Jail from roughly May through November of 2022. The Jail was overcrowded. As a result, he was forced to sleep on the floor for more than five months, which either caused or exacerbated chronic illnesses and injuries.

Once, while Mr. Nelson was sleeping, a cellmate jumped from the second bunk and landed on him. Mr. Nelson was not allowed to receive treatment for his injuries because it was "against company policy." Dkt. 18 at 2–3.

The Jail was infested with mold. Mr. Nelson still experiences frequent chest pains as a result. Mr. Nelson was also confined with inmates who had COVID-19.

## III. Discussion of Claims

This action **will proceed** with claims for damages against Sheriff Plasse under 42 U.S.C. § 1983 and the Eighth or Fourteenth Amendment, depending on whether Mr. Nelson was jailed as a pretrial detainee or a convicted offender. Although the complaint does not allege that Sheriff Plasse was directly involved in Mr. Nelson's cell placement or Jail maintenance, a supervisory official like the Sheriff may be personally liable under § 1983 "if the conduct causing the constitutional deprivation occurs at the official's direction or with his or her knowledge or consent." *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (citing *Doyle v. Camelot Care Centers*, 305 F.3d 603, 614–15 (7th Cir. 2002) ("[T]he supervisory officials also must have had

some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct.")).

The complaint describes rampant overcrowding and mold infestation over a period of roughly half a year. These allegations support a plausible inference that Sheriff Plasse knew of these conditions and either directed that they be maintained or consented to them by deliberately declining to remediate them.

Meanwhile, claims based on exposure to COVID-19 are **dismissed**. The amended complaint does not offer enough detail to infer that Mr. Nelson was exposed to the virus due to conditions that amount to constitutional violations or that were implemented at Sheriff Plasse's direction or consent.

### IV. Service of Process

The action will proceed with claims against Sheriff Plasse as discussed in Part III. The claims discussed in Part III are the only claims the Court identified in the amended complaint. If Mr. Nelson believes he asserted additional claims that the Court did not address, he must notify the Court **no later than May 12, 2023**.

The **clerk is directed** to **terminate** the Vigo County Jail as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process will consist of the amended complaint (dkt. [18]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

**SO ORDERED.**

Date: 4/21/2023

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIE B. NELSON, III
504 South 15th Street
Terre Haute, IN 47807

Sheriff John Plasse
Vigo County Jail
600 W. Honey Creek Dr.
Terre Haute, IN 47802